IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE HARPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 14-cv-4879 |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., | ) | The Honorable Joan B. Gottschall |
| IMHOTEP CARTER, SALEH OBAISI, | ) | |
| DR. DAVIS, and DONALD | ) | Jury Demanded |
| STOLWORTHY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF WEXFORD HEALTH SOURCES, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO RULE 12 (b)(6)

NOW COMES the defendant WEXFORD HEALTH SOURCES, INC., by and through its attorney, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and in support of its Motion to Dismiss Plaintiff's First Amended Complaint, (hereinafter "Complaint," or "Compl."), states the following:

## I. PROCEDURAL HISTORY

Plaintiff, Willie Harper, provided his original complaint *pro se* to Thomas Bruton, Clerk, U.S. District Court on June 26, 2014. (Dkt. #1). The complaint was filed on August 7, 2014. (Dkt. #6). Plaintiff's original complaint alleged in paragraph number 13 that "The deliberate indifference, negligence and malpractice to medical needs violated Plaintiff, WILLIE HARPER'S rights and constituted cruel and unusual punishment under the Eight Amendment to the Unites States Constitution, and medical negligence and medical malpractice under Illinois

1

state laws." (Dkt. #6, p. 6 at ¶13). Plaintiff's original complaint did not include an affidavit by Willie Harper or the required health professionals report under 735 ILCS 5/2-622.

On June 8, 2015, with prior leave of Court, Plaintiff, now represented by and through attorney Thomas H. Geoghegan filed a two count first amended complaint. (Dkt. # 41). The first amended complaint names as defendants' Wexford Health Sources, Inc., Imhotep Carter, Saleh Obaisi, Dr. Davis and Donald Stolworthy. (Dkt. #41). Count I pled allegations under Section 1983. (Dkt.#41). Count II alleged a cause of action for Failure to Provide Adequate Medical Treatment. (Dkt.#41). The first amended complaint did not append the required health professional's report under Illinois law. Instead an affidavit of Thomas H. Geoghegan was appended pursuant to 735 ILCS 5/2-622 (2) requesting a 90 day extension to file the mandatory health professional report affirming a meritorious cause of action. (Dkt. #41, Ex. 1).

For Count I plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §1343 and 28 U.S.C. §1331. For the medical negligence claim in Count II, jurisdiction is premised on 28 U.S.C. §1367. (Dkt.#41 at ¶8-9).

## II. STANDARDS FOR MOTIONS TO DISMISS

Defendant Wexford Health Sources, Inc. moves to dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), which challenges a complaint for failure to state a claim upon which relief may be granted. *General Electrial Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). In ruling on such a motion, the court accepts as true the well-pleaded facts in the complaint and draws all reasonable inferences in the plaintiff's favor. *Nixon v. Page*, 291 F.3d 485, 486 (7th Cir. 2002). The complaint must provide the defendant with fair notice of the claim's basis, and must also establish that the requested relief is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949

(2009). "[A] plaintiff's obligation to provide the grounds for his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As the Seventh Circuit has summarized, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim," and "in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574 (7th Cir. 2009).

## III.   APPLICABLE STATUTORY PROVISIONS.

### § 735 ILCS 5/2-622. Healing art malpractice

Sec. 2-622. Healing art malpractice. (a) In any action, whether in tort, contract or otherwise in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice, the plaintiff's attorney or the plaintiff, if the plaintiff is proceeding pro se, shall file an affidavit, attached to the original and all copies of the complaint, declaring one of the following:

1. That the affiant has consulted and reviewed the facts of the case with a health professional who the affiant reasonably believes: (i) is knowledgeable in the relevant issues involved in the particular action; (ii) practices or has practiced within the last 6 years or teaches or has taught within the last 6 years in the same area of health care or medicine that is at issue in the particular action; and (iii) is qualified by experience or demonstrated competence in the subject of the case; that the reviewing health professional has determined in a written report, after a review of the medical record and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such action; and that the affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action. If the affidavit is filed as to a defendant who is a physician licensed to treat human ailments without the use of drugs or medicines and without operative surgery, a dentist, a podiatric physician, a psychologist, or a naprapath, the written report much be from a health professional licensed in the same profession, with the same class of license, as the defendant. For affidavits filed as to all other defendants, the written report must be from a physician licensed to practice medicine in all its branches. In either event, the affidavit must identify the profession of the reviewing health professional's

3

determination that a reasonable and meritorious cause for the filing of the action exists, must be attached to the affidavit, but information which would identify the reviewing health professional may be deleted from the copy so attached.

2. That the affiant was unable to obtain a consultation required by paragraph 1 because a statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations. If an affidavit is executed pursuant to this paragraph, the certificate and written report required by paragraph 1 shall be filed within 90 days after the filing of the complaint. The defendant shall be excused from answering or otherwise pleading until 30 days after being served with a certificate required by paragraph 1.

(g). The failure to file a certificate required by this Section shall be grounds for dismissal under Section 2-619 [735 ILCS 5/2-619].

### § 735 ILCS 5/12-212. Physician or hospital

Sec. 13-212. Physician or hospital. (a) Except as provided in Section 13-215 of this Act [735 ILCS 5/12-215], no action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date of which the claimant knew, or through the use of reasonable diligence should have know, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death.

IV. **COUNT II OF PLAINTIFF'S FIRST AMENDED COMPLAINT MUST BE DISMISSED FOR FAILURE TO FILE THE REQUISITE AFFIDAVIT AND REPORT FROM A MEDICAL PROFESSIONAL INDICATING THAT THE CASE HAS MERIT PURSUANT TO 735 ILCS 5/2-622.**

While the United States Court of Appeals for the Seventh Circuit has not directly decided the issue with regard to actions arising under federal question, the Seventh Circuit has implicitly held that *Section 2-622's* requirements do apply to actions brought in federal court under diversity jurisdiction. *Sherrod v. Lingle,* 223 F.3d 605, 613 (7th Cir. 2000)(applying 2-622 filing requirement in medical malpractice claim brought under diversity jurisdiction). Importantly, in both diversity cases and FTCA cases, state substantive law is applied while federal procedural law is applied. *Salsman v. United States of America,* 2005 U.S. Dist. LEXIS 18072 *13 (S.D. Ill.

4

2005). Therefore, for diversity cases, the *Section 2-622's* requirement must be considered substantive law. *Id.*

Count II of Plaintiff's first amended complaint sounds in medical negligence. Here, the failure by Plaintiff to file a certificate required by this Section is grounds for dismissal under Section 2-619 [735 ILCS 5/2-619]. (735 ILCS 5/2-619 West 2015). 2-622 (a)(2) is clear in its mandate: "That the affiant was unable to obtain a consultation required by paragraph 1 because a statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations." (735 ILCS 5/2-622 West 2015).

Here, counsel for plaintiff has executed an affidavit and appended it to the first amended complaint. (Dkt.#41, Ex. 1). The affidavit is insufficient as a matter of law. In order to obtain a 90 day extension under 2-622 (a)(2), the affidavit must affirm that Plaintiff was unable to obtain a consultation because the consultation required could not be obtained <u>*before*</u> *the expiration of the statute of limitations*. First, plaintiff, in his first amended complaint never identifies what the trigger date is for the running of the statute of limitations. Instead, plaintiff pleads: As set forth in Exhibit A, because in a claim for failure to treat a serious medical condition which causes acute pain and suffering over a continuous period of time, the statute of limitations is continually barring recovery for each such day of suffering for every day that passes. (Dkt. 41 at ¶49).

Plaintiff under 2-622 was required to file on June 8, 2015 an attorney affidavit and medical report that a reasonable and meritorious cause of action existed. A 90 day extension is only allowed where the consultation required could not be obtained <u>*before*</u> *the expiration of the statute of limitations*. Plaintiff's affidavit and first amended complaint contain no statement as to when the applicable expiration of the statute of limitations period runs. Rather, plaintiff pleads

5

and states in his attorney affidavit that the alleged negligence continues. If true, the applicable limitations period would not run until at least June 8, 2017. A consultation required under 2-622(a)(1) must have occurred prior to the expiration of the statute of limitations since plaintiff has pled a continuous course of medical negligence. Plaintiff's failure to comply with 2-622, requires dismissal of Count II of plaintiff's first amended complaint.

## V. IN ADDITION, COUNT II OF PLAINTIFF'S FIRST AMENDED COMPLAINT MUST BE DISMISSED BASED ON STATUE OF LIMITATIONS.

"A statute of limitations defense, while not normally part of a motion under Rule 12(b)(6), is appropriate where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008) (internal quotation marks omitted). In this case, plaintiff's allegations in his first amended complaint related to medical negligence stemming from medical treatment in 2006 and 2011 provides the court with all of the information it needs to rule on the statute of limitations arguments.

Further, Plaintiff has not pled the discovery rule under 735 ILCS 5/2-212. Accordingly, any complaint alleging medical negligence must be brought within 2 years of the date of the occurrence. (735 ILCS 5/13-212 West 2015).

Specifically, plaintiff pleads as follows:

¶13. As early as 2006, while an inmate, he was diagnosed with diverticulitis, and in the two years prior to the filing of his pro se complaint, he has suffered continuously and at all times from diverticulitis, a hiatal hernia, and a twisted bowel.

6

¶14. As a result, and for the same period he has suffered continuously from severe abdominal and stomach pain, rectal bleeding, fever, extreme constipation, blood in stool, chronic chest pain and difficulty in swallowing.

¶15. Furthermore, at all times relevant herein, he has had a blood clot and related swelling of the left leg, from which he has also suffered acute pain and distress.

¶16. At various time, plaintiff has sought treatment for this acute pain and distress from defendants Wexford and the individual defendants Carter, Obaisi, and Davis, who are employees or contractors for Stateville (hereinafter referred to as "the individual defendants').

¶24. On two separate occasions - first in 2011, then in 2013 - Stateville prison authorities sent plaintiff out for consultation by physicians in the gastrointestinal unit at UIC Hospital. (Dkt.#41 at ¶13,14,15,16 and 24).

Any alleged medical malpractice that occurred in 2006 or 2011 is barred by the applicable limitations period under 735 ILCS 5/13-212. As such, treatment took place more than two years prior to filing his original complaint. Furthermore, the statue of repose establishes any claim for medical negligence for treatment that occurred more than four years prior to plaintiff filing his complaint regardless of whether plaintiff knew or should have known of the wrongful nature of the conduct or whether he was injured. Accordingly, any claim for medical negligence based upon conduct that occurred in 2006 or 2011 is barred by the statute of limitations and/or statute of repose.

### VI. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY FOR IMPERMISSIBLE "GROUP PLEADING"

Despite naming five (5) defendants in the caption and parties paragraphs of his Complaint, plaintiff's allegations only generically refer to "the Defendants" and do not delineate the alleged wrongful conduct of each. In Count II based on medical negligence, Plaintiff makes no allegation regarding any individual defendant. (Dkt. #41, ¶17, 18, 19, 20, 21, 22, 23, 26, 42, 43, 44, 45). This "group pleading" about "individual defendants", "the standard of care

7

applicable to Defendants" or "Defendants" is not sanctioned by F.R.C.P. 8(a). *See, Beaman & Souk*, no 10-CV-1019, 2011 WL 832506, at \*\*5-6 (C.D.Ill. March 3, 2011). Instead, Plaintiff must "adequately plead 'personal involvement' of each Defendant," *Brooks*, 578 F.3d at 582, which Plaintiff fails to do. Plaintiff continually groups the allegations against the Defendants as a whole, stating that "all of Defendants" had the same standard of care, whether a physician or not and all of the defendants breached the applicable standard of care without specifying who did what and when they did it. Such group pleadings are impermissible and warrant dismissal of the complaint.

Furthermore, Count I, brought under section 1983, also contains impermissible group pleadings. "A plaintiff bringing a civil rights action must prove that the defendant personally participated in or caused the unconstitutional actions." *Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003) (quoting *Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir. 1981)). *Grieveson v. Anderson*, 538 F.3d 763 (7th Cir. 2008) is instructive in this regard.

There, the Court stated, "[D]eliberate indifference requires that the corrections officer must have '*actual* knowledge' of the risk." *Guzman*, 495 F.3d at 857-58 (quoting *Washington v. LaPorte County Sheriff's Dep't*, 306 F.3d 515, 517-18 (7th Cir. 2002)). Also problematic for Grieveson was his failure to tie actions of the named defendants to the injuries he allegedly suffered. [\*778] See *Alejo*, 328 F.3d at 936; *Starzenski v. City of Elkhart*, 87 F3d 872, 879 (7th Cir. 1996). Throughout his affidavits and briefs, Grieveson referred to "the defendants," claiming that "the defendants" failed to protect him. Vague references to a group of "defendants," without specific allegations tying the individual defendants to the alleged unconstitutional conduct, do not raise a genuine issue of material fact with respect to those

8

defendants. *Grieveson,* 538 F.3d at 778; *See Alejo, 328 F.3d at 936* (finding dismissal of named defendant proper where plaintiff failed to allege defendant's personal involvement in the alleged wrongdoings).

In this case, Counts I and II must be dismissed for impermissible group pleading as defendant Wexford Health Resources has no idea which allegations, if any, are directed against it in order to answer plaintiff's first amended complaint even under the liberal federal notice pleading standard.

## VII.  COUNT II MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM.

Count II of plaintiff's amended complaint apparently attempts to allege medical negligence against Wexford generally, without making any allegation that it acted through its employees or agents. As Wexford itself cannot engage in the practice of medicine, it cannot be held liable for medical negligence without there being action or conduct alleged by its employees or agents. Plaintiff's first amended complaint never alleges that Imhotep Carter, Saleh Obaisi, Dr. Davis or Donald Stolworthy at the relevant time were employees, agents, apparent agents or servants of defendant Wexford Health Sources, Inc.

> The Illinois Medical Practice Act explicitly states,
>
>> No person shall practice medicine, or any of its branches, or treat human ailments without the use of drugs and without operative surgery, without a valid, active license to do so, except that a physician who holds an active license in another state or a second year resident enrolled in a residency program accredited by the Liaison Committee on Graduate Medical Education or the Bureau of Professional Education of the American Osteopathic Association may provide medical services to patients in Illinois during a bonafide emergency in immediate preparation for or during interstate transit.

9

225 ILCS 60/3. "'The legislative intent manifest from a view of the entire [Medical Practice Act] is that only individuals may obtain a license thereunder. No corporation can meet the requirements of the statute essential to the issuance of a license.'" *Berlin v. Sarah Bush Lincoln Health Ctr.*, 179 Ill. 2d 1, 13 (1997), quoting *People ex rel. Kerner v. United Medical Service, Inc.*, 362 Ill. 442, 454 (1936).

Since a corporation cannot obtain a medical license then a corporation cannot practice medicine in Illinois under the corporate practice of medicine doctrine. In Illinois, a corporation cannot be held liable for any alleged medical malpractice, absent a *respondeat superior* or negligent hiring cause of action. Plaintiff also does not allege institutional negligence. Plaintiff has failed to plead any cause of action upon which Wexford Health Sources, Inc., a corporation, could be found to be liable to Plaintiff as he has not alleged that Wexford Health Sources, Inc.'s employee(s), agent(s), or other individual(s) caused Plaintiff's alleged injuries. Plaintiff also has failed to allege that Wexford Health Sources, Inc. was negligent in its hiring of any such individual. Additionally, Wexford Health Sources, Inc. is not a state licensed hospital or hospital affiliate (as defined in 210 ILCS 85/10(b)), which is an exception to the corporate practice of medicine doctrine established in *Berlin*. Wexford Health Sources Inc. is not listed on the Illinois Department of Public Health's website as a state licensed hospital in Illinois. Accordingly, Count II of Plaintiff's first amended complaint must be dismissed for failure to state a claim.

## VIII. PLAINTIFF'S PRAYER FOR RELIEF FOR PUNITIVE DAMAGES IN COUNT II MUST BE STRICKEN WITH PREJUDICE.

Plaintiff, in his prayer for relief in Count II alleging medical malpractice seeks punitive damages. Punitive damages are not allowed in Illinois for medical malpractice. 735 Ill. Comp. Stat. Ann. § 5/2-1115 (Westlaw 2015). This section has been held to be constitutional. *Bernier v.*

*Burris*, 113 Ill. 2d 219, 247 (1986). Accordingly, plaintiff's prayer for punitive damages for Count II must be stricken.

### IX. IF COUNT II OF PLAINTIFF'S FIRST AMENDED COMPLAINT IS NOT DISMISSED, WEXFORD'S ANSWER TO COUNT II IS NOT DUE UNTIL 30 DAYS AFTER PLAINITFF COMPLIES WITH 735 ILCS 5/2-622.

Section 2-622(a)(2) provides in relevant part: "The defendant shall be excused from answering or otherwise pleading until 30 days after being served with a certificate required by paragraph 1."

Accordingly, if this Court does not dismiss Count II, defendant Wexford's respectfully requests that its answer to Count II of Plaintiff's first amended complaint not be due until 30 days after plaintiff complies with section 2-622.

### CONCLUSION

WHEREFORE, defendant WEXFORD HEALTH SOURCES, INC., by and through its attorneys, BOLLINGER CONNOLLY KRAUSE, LLC., respectfully requests that this Honorable Court grant its Motion to Dismiss Plaintiff WILLIE HARPER'S First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for the above stated reasons with prejudice.

Respectfully submitted,

s/Robert S. Tengesdal
One of Defendants Attorneys

Robert S. Tengesdal (ARDC#6288650)
rtengesdal@bollingertrials.com
BOLLINGER CONNOLLY KRAUSE LLC
500 W. Madison St., Suite 2430
Chicago, Illinois 60661
Ph: 312-253-6200
Fax: 312-253-6201

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIE HARPER, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 14-cv-4879 |
| ) | |
| WEXFORD HEALTH SOURCES, INC., ) | The Honorable Joan B. Gottschall |
| IMHOTEP CARTER, SALEH OBAISI, ) | |
| DR. DAVIS, and DONALD ) | Jury Demanded |
| STOLWORTHY, ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I caused the foregoing document to be filed electronically with the Clerk of the Court through ECF and served before the hour of 5:00 p.m. on the counsel of record listed below:

> Thomas H. Geoghegan
> Despres, Schwartz & Geoghegan,Ltd.
> 77 West Washington Street
> Suite 711
> Chicago, Illinois 60602
>
> Miguel E. Larios
> Office of the Illinois Attorney General
> 100 West Randolph Street
> 13th Floor
> Chicago, Illinois 60601

Dated: July 1, 2015

By: s/Robert S. Tengesal
Attorney for Wexford Health Sources, Inc.

Robert S. Tengesdal (ARDC#6288650)
rtengesdal@bollingertrials.com
BOLLINGER CONNOLLY KRAUSE LLC
500 W. Madison St., Suite 2430
Chicago, Illinois 60661
Ph: 312-253-6200
Fax: 312-253-6201

1