IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE HARPER, | ) | |
| | ) | Case No. 14-CV-04879 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Judge Joan B. Gottschall |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., | ) | |
| IMHOTEP CARTER, SALEH OBAISI, | ) | |
| DR. DAVIS, AND DONALD STOLWORTHY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION & ORDER

Plaintiff Willie Harper ("Harper"), presently in custody at Stateville Correctional Center ("Stateville"), brings this civil rights action pursuant to 42 U.S.C. § 1983.[1] In his complaint, Harper alleges that he has been subjected to unconstitutional conditions of confinement at Stateville because he has been unable to obtain adequate medical care for his various ailments. Harper names as Defendants Wexford Health Sources, Inc. ("Wexford"), the health care provider for the Illinois Department of Corrections ("IDOC"), Imhotep Carter ("Carter"), the former medical director at Stateville, Saleh Obaisi ("Obaisi"), the current medical director of Stateville, and Donald Stolworthy ("Stolworthy"), the current director of IDOC.[2]

Defendants Wexford, Obaisi, and Stolworthy (collectively, "Defendants") separately move to dismiss Harper's First Amended Complaint ("FAC"). For the reasons contained below, Defendants' motions to dismiss are denied.

---

[1] In his First Amended Complaint, Harper also alleged medical malpractice against certain defendants pursuant to 735 ILCS 5/2-622. However, on November 18, 2015, the parties filed a joint stipulation for dismissal, with prejudice, of the medical malpractice claim. (Joint Stip. for Dismissal, Dkt. 80.)
[2] Harper also named "Dr. Davis" as a defendant in his First Amended Complaint. However, in his response to Defendants' Motions to Dismiss, Harper states that he does not intend to serve or proceed against Dr. Davis. (Pl. Resp. at 2, Dkt. 64.). Dr. Davis is accordingly dismissed.

# I. FACTS

The court draws the following facts from Harper's complaint and accepts them as true for purposes of the motions to dismiss. *See Cincinnati Life Ins. Co. v. Beyrer,* 722 F.3d 939, 946 (7th Cir. 2013). From as early as 2006, Harper has suffered from a variety of gastrointestinal ailments causing acute pain and distress, including diverticulitis, a hiatal hernia and twisted bowel. (FAC ¶13, Dkt. 41.) His symptoms have included severe abdominal and stomach pain, rectal bleeding, fever, extreme constipation, blood in stool, chronic chest pain and difficulty in swallowing. (*Id*. ¶ 14.) He has also suffered from a blood clot and swelling of his left leg. (*Id*. ¶ 15.)

While in custody, Harper has sought treatment for his pain and distress from Wexford, Obaisi and Stolworthy. He alleges that they have responded with "wholly inadequate measures" such as providing aspirin or Tylenol for his stomach pain and a compression sock for his leg pain (*Id*. ¶ 19.) In 2011 and 2013, when Harper received a recommended course of treatment from physicians in the gastrointestinal unit at the University of Illinois at Chicago Hospital ("UIC Hospital"), Wexford, Obaisi and Stolworthy failed to review the recommendations. (*Id*. ¶ 26.) When UIC Hospital wanted Harper to return for further treatment, Obaisi failed to facilitate the return trip. (*Id*. ¶ 28.) In 2015, after Harper repeatedly complained of his acute pain and suffering, Stateville authorities finally allowed him to return to UIC Hospital where he received appropriate treatment for his pain. (*Id*. ¶¶ 29-30.) Throughout his incarceration, Harper has repeatedly filed grievances about his inability to receive adequate treatment or medical help for his pain and suffering, but all have been denied. (*Id*. ¶¶ 34-35.)

In his FAC, Harper alleges that Wexford and the individual defendants (Carter and Obaisi) in their individual capacities exhibited deliberate or willful indifference to his acute pain and suffering. Harper also alleges that Stolworthy, in his official capacity, maintained cost-

cutting and other policies that prevented inmates, including Harper, from receiving adequate medical treatment, in willful indifference to or disregard of their acute pain and suffering.

## II. LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic,* 550 U.S. at 555 (citation omitted). Its factual allegations must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56; *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("[P]laintiff must give enough details about the subject-matter of the case to present a story that holds together."). For purposes of a motion to dismiss, the court takes all facts alleged by the plaintiff as true and draws all reasonable inferences from those facts in the plaintiff's favor, but "conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption." *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011), *as amended* (Jan. 3, 2012).

## III. DISCUSSION

### A. Section 1983 Claim Against Obaisi

Obaisi seeks to dismiss Harper's FAC because it fails adequately to indicate how he personally engaged in deliberate indifference. Obaisi alleges that "Plaintiff continually groups the allegations against the Defendants as a whole…without specifying who did what and when they did it. Such group pleadings are impermissible and warrant dismissal of the complaint." ((Def's. Mot. to Dismiss at 11, Dkt. 72.)

To exhibit deliberate indifference, a prison official must "be aware of the facts from which an inference could be drawn that a substantial risk of harm exists, and he must also draw that inference." *Farmer v. Brennan,* 511 U.S. 825, 838 (1994); *see also Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011) (holding "an inmate must demonstrate that, objectively, the deprivation he suffered was sufficiently serious" and, subjectively, "prison officials acted with a sufficiently culpable state of mind") (internal citations omitted); *Arnett v. Webster,* 658 F.3d 742, 757 (7th Cir. 2011) (holding an official must not only "know about the conduct" but also "facilitate it, approve it, condone it, or turn a blind eye."). Obaisi claims that Harper failed to demonstrate that Obaisi had actual knowledge of Harper's condition. However, that argument is unavailing.

In his FAC, Harper states he "sought treatment for this acute pain and distress from…Obaisi," that he filed "repeated complaints," and has "repeatedly filed grievances about his inability to receive adequate medical treatment or to receive any serious medical help for his acute pain and suffering." (FAC ¶¶ 16, 20, 34, Dkt. 41.) A prisoner's statement that he repeatedly alerted medical personnel to a serious medical condition, that they did nothing in response, and that permanent injury ensued, is enough to state a claim on which relief can be granted—if it names the persons responsible for the problem. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Harper alleges that he sought treatment from Obaisi and that Obaisi responded with "wholly inadequate measures like aspirin or Tylenol. Harper also alleges that Obaisi failed to return Harper to UIC Hospital, as allegedly requested by physicians at UIC Hospital. Therefore, Harper has adequately pled his § 1983 claim against Obaisi.

**B. Section 1983 Claims Against Wexford**

Although not explicit, Harper's claim against Wexford is brought pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Wexford moves to dismiss Harper's claim

of deliberate indifference in part because it fails to identify a Wexford policy or practice that was involved in the alleged deliberate indifference. "In analyzing a § 1983 claim against a private corporation, such as Wexford, the Court applies the same principles as for claims against a municipality." *Delgado v. Ghosh*, 2016 WL 316845, at *4 (N.D. Ill. Jan. 27, 2016) (citing *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009)); *see also Shields v. Illinois Dep't of Corr.,* 746 F.3d 782, 795 (7th Cir. 2014) *(*holding that the prevailing circuit law "extends *Monell* from municipalities to private corporations."). Thus, a plaintiff must allege "that his injury was caused by a Wexford policy, custom, or practice of deliberate indifference to medical needs, or a series of bad acts that together raise the inference of such a policy." *Shields,* 2014 WL 949950, at 11. The corporate policy, custom or practice "must be the direct cause or moving force behind the constitutional violation." *Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (internal quotations omitted). Policies take three possible forms: "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice, that, although unauthorized, is so permanent and well-settled that it constitutes a 'custom or usage' with the force of law; or (3) an allegation that a person with final policymaking authority caused the injury." *Chortek v. City of Milwaukee*, 356 F.3d 740, 748 (7th Cir. 2004).

Here, Wexford argues that Harper alleges nothing that would support a finding that it maintained an unconstitutional policy or custom. (Def's. Reply at 3, Dkt. 67.) Harper's FAC alleges that through "Wexford, IDOC maintains cost-cutting and other policies that prevented inmates like plaintiff from receiving adequate medical treatment, in willful indifference or disregard to [sic] their acute pain and suffering." (FAC ¶37, Dkt. 41.) Harper alleges the existence of a specific policy, namely cost-cutting measures, that resulted in his receiving

inadequate medical care. His reference to the experience of other inmates suggests that the injury he suffered was not an isolated incident he endured. He also suggests that the policy was the moving force or direct cause behind his injury. On these grounds, the court denies Wexford's motion to dismiss.

**C. Section 1983 Claim Against Stolworthy**

Harper's claim against Stolworthy is also brought as a *Monell* claim. *Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011) ("[A]n official capacity suit is another way of pleading an action against an entity of which the officer is an agent." *citing Monell*, 436 U.S. at 690 n. 55). Therefore, the action against Stolworthy must also stem an official policy, practice or custom. *Sow*, 636 F.3d at 300. Here, Harper has made the same *Monell* custom and practice allegations against Stolworthy that he made against Wexford. Specifically, Harper states that through "Stolworthy…, IDOC maintains cost-cutting and other policies that prevented inmates like plaintiff from receiving adequate medical treatment, in willful indifference or disregard to their acute pain and suffering." (FAC ¶37, Dkt. 41.) Harper alleged that this custom or practice resulted in his receiving inadequate medical care. Harper has also alleges that Stolworthy has acted with deliberate indifference as he disregarded a known or obvious consequence of his failures. Therefore, the court finds that Harper has adequately pled his claim against Stolworthy in his official capacity.

However, Stolworthy is correct in arguing that the Eleventh Amendment bars official capacity claims for monetary damages. *Brown v. Budz*, 398 F.3d 904, 917-18 (7th Cir. 2005). Therefore, only injunctive relief is available to Harper should he prevail in his claim against Stolworthy.

**D. Parties are in agreement about the statute of limitations**

Both Wexford and Obaisi argue that the Harper may not recover for pain and suffering from 2006 or 2011 as the statute of limitations for his deliberate indifference claim is two years. Harper does not dispute this contention. He acknowledges that he does not seek to recover for pain and suffering for 2011 or before, since that period is more than two years before the date on which he filed the complaint. The parties are in agreement that only conduct that occurred within two years of Harper's filing is actionable.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss [48] [51] [71] are denied. A status hearing is set for March 23, 2016 at 9:30 a.m.

Date: March 17, 2016                         /s/
                                    Joan B. Gottschall
                                    United States District Judge